KENNEY, SCOTT M., Associate Judge.
Three issues are raised in these consolidated appeals from a final judgment dissolving the marriage of Dale Christopher Owens and Marcia Ellen Owens: (1) failure to provide the guardian ad litem with proper notice and opportunity to be heard; (2) abuse of discretion in determining the primary residential parent; and (3) improper distribution of marital assets. We affirm as to points one and two, and reverse as to point three.

Guardian Ad Litem

Mr. and Mrs. Owens had two minor children. They were involved in heated pretrial disputes over the children and other issues. The matter was referred to a special master. After an evidentiary hearing, a written report dated January 9, 1995, was issued, recommending, in part, that appellant, Gary Pu-daloff, be appointed the children’s guardian ad litem pursuant to section 61.401, Florida Statutes (Supp.1994). A copy of the report was not sent to Mr. Pudaloff. No objections to the report were filed and on January 24, 1995, the trial court entered an order approv *1040 ing it. A copy of that order was sent to Mr. Pudaloff.
However, the preceding day (January 23, 1995) the trial court had entered an order setting the case for final hearing on its April, 1995, docket. A copy was not sent to the guardian. Subsequent pleadings were filed on behalf of both parents, but copies were not sent to the guardian. He was not subpoenaed or requested to appear at trial by either side. The case proceeded to trial without a written report or oral recommendation from the guardian.
Mr. Pudaloff contends the final judgment is void because his written report was mandatory under section 61.403(5), Florida Statutes (Supp.1994), and, as a party to the proceeding, he was required to receive copies of all pleadings and proper notice. Under the facts of this case, we disagree.
Section 61.401, Florida Statutes (Supp. 1994), designates a guardian ad litem as a party to the proceeding from the date of appointment. Section 61.403(5), Florida Statutes (Supp.1994), allows a guardian ad litem to address the court and make oral or written recommendations. It also provides that a guardian “shall” file a written report at least 20 days prior to a relevant hearing, unless the time limit is waived by the court. Finally, it requires the guardian be provided with copies of all pleadings, notices and documents filed in the case, as well as reasonable notice before any action affecting the child is undertaken.
In this case the guardian was not provided with copies of all pleadings, notices and documents after his appointment.[1] Nonetheless, he had notice of his appointment and undertook to interview Mr. and Mrs. Owens, their children and other persons with knowledge and opinions about the issues involving the children. However, he neglected to review the court file. Such a review would have disclosed the existence of the trial order. We believe that a review of the pending court file, together with the files of any potentially relevant judicial proceedings,[2] is a fundamental duty for any guardian ad litem. It not only serves to confirm the accuracy of information provided by the parties, but can also assist in discovering information relevant to the best interests of a child, which neither parent wishes to disclose or neglects to disclose (as in this case).
Finally, and perhaps most importantly, Mr. Pudaloff did have actual notice of the trial docket in this case. He received a letter from counsel for the husband dated March 8, 1995, requesting his written report and informing him that the case was set for trial in April, 1995. He did not file a report and made no further inquiries. The trial court concluded Mr. Pudaloff had an affirmative duty to make further inquiry. We agree.
We also find no error in proceeding to adjudicate the case without the guardian’s written report. Section 61.403(5), Florida Statutes (Supp.1994), clearly places the burden of filing the report on a guardian ad litem. It does not prevent a court from ruling in the event a report is not filed. Nor are oral reports mandatory under the wording of the statute. Construing it otherwise would hold trial judges hostage to the inac-tions of guardians and prevent them from making necessarily expedient decisions concerning children caught in the middle of domestic disputes.

Primary Physical Residence

The trial judge awarded primary physical residence of the minor children to the mother. Mr. Owens contends that was an abuse of discretion in view of the sole expert testimony in the case. We cannot agree.
*1041 Trial courts have broad discretion on this issue. Then’ decisions should not be' disturbed on appeal, even if an appellate court might have reached a different result, unless the decision was unreasonable. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). In this case there was competent evidence to support the decision, notwithstanding the expert’s opinion to the contrary.

Distribution of Marital Assets

The final judgment awarded a disproportionate amount of the marital assets to the wife solely due to her “contribution as a homemaker and mother during the marriage.”
The parties disagree as to the exact proportions. The wife contends it was a de minimis 55%-45%. The husband contends it was 73%-27% in the wife’s favor. We calculate the proportion to be 60%-40% in favor of the wife. The monetary difference was approximately $15,300 out of approximately $78,700 in net marital assets.
Section 61.075(1), Florida Statutes (1993), requires courts to begin with the premise that marital asset distribution should be equal. It allows for unequal distribution based upon consideration of all relevant factors. One such factor was partially cited by the trial judge pursuant to 61.075(l)(a). However, he failed to address or weigh other possible factors. Furthermore, we do not construe the language pf 61.075(l)(a) as being limited to just the contributions of one spouse as a homemaker and parent. It requires consideration of the contributions, or lack thereof, of each spouse.
In Kovar v. Kovar, 648 So.2d 177 (Fla. 4th DCA 1994), this court reiterated its position that marital assets should be distributed equally, unless there is justifiable reasoning for disparate treatment. The unequal distribution must be grounded upon logic and basic fairness and not cause one spouse to fall from prosperity to misfortune.
We certainly cannot conclude that the husband would fall upon misfortune as a result of the distribution in this case. Nonetheless, these are parties of limited means. $15,300 is a substantial portion of their net assets and is not a de minimis disparity.
In other words, it was error to unequally distribute marital assets based solely upon the contributions of Mrs. Owens as a homemaker and parent, without an explanation as to why any contributions of Mr. Owens, as well as the additional factors under 61.075(1), did not apply.[3]
AFFIRMED, IN PART; REVERSED, IN PART; and REMANDED with directions to reconsider the distribution of marital assets.
DELL and WARNER, JJ., concur.

. It is noted that when the trial court issued its order setting the final hearing, Mr. Pudaloff had not been formally appointed. Thus, he was not yet a party pursuant to 61.401. The burden to provide previous filings properly rests with the parties or their counsel and not the trial judge.

. For example, the guardian should make an independent search for prior dissolution, domestic violence, guardianship and criminal proceedings. Consideration should also be given to requesting permission to search for confidential dependency, mental health and substance abuse proceedings, if there are reasonable grounds to make such a request.

. We do not mean to imply that an unequal distribution would necessarily be improper in this case. Rather, the factorial reasoning and balancing should be addressed by the trial court.