726 So.2d 399 (1999)
Darla J. CASSIN, Appellant,
v.
Charles E. CASSIN, Appellee.
No. 98-00236
District Court of Appeal of Florida, Second District.
February 19, 1999.
Karen S. Beavin of Sparkman and Quinn, P.A., Naples, for Appellant.
J. Christopher Lombardo and Carrie E. Poulos-Lademan of Woodward Pires & Lombardo, P.A., Naples, for Appellee.
WHATLEY, Judge.
Darla J. Cassin (wife) appeals the denial of her supplemental petition for modification of child custody. We affirm.
On August 26, 1995, a final judgment of dissolution of the marriage of Darla J. Cassin and Charles E. Cassin was entered. The final judgment approved and incorporated the parties' settlement agreement, which provided for rotating custody of the parties' two minor children. In her supplemental petition, the wife sought primary custody of the children.
The wife contends that paragraph N. of the settlement agreement is controlling. That paragraph states:
N. REVIEW OF PARENTING ARRANGEMENT: The parties agree that either party may request one year from the exaction [sic] of this agreement a review of the parenting agreement and parenting time based upon the best interest of the children. This review will not require a demonstration of a substantial change in circumstances, and may be made by motion.
Based on this language, the wife argues that she should have been allowed to raise the issue by motion and that her only burden was the best interest of the children. We reject this argument for several reasons.
First, we view this language as only applying to changes in the rotating custody arrangement. Second, for a change from rotating custody to primary custody, the wife had to show: (1) a change of custody is in the best interest of the children and (2) a substantial change has occurred in the circumstances of the parties since the original custody award. See Gibbs v. Gibbs, 686 So.2d 639 (Fla. 2d DCA 1996). If paragraph N. applied to changes in primary custody, we would agree that the sole criteria for the trial court to determine would have been the best interest of children. There is no prohibition against parties limiting the change of custody criteria to a "best interest" standard. See also Ballantyne v. Ballantyne, 666 So.2d 957 (Fla. 1st DCA 1996).
Last, as the trial court aptly noted, the wife failed to carry her burden under any of *400 the applicable standards. Even if the only standard was the best interest of the children, the wife did not put forth sufficient evidence to satisfy this standard.
Affirmed.
CAMPBELL, A.C.J., and PATTERSON, J., Concur.