PER CURIAM.
Catherine Pate (mother) appeals the non-final order entered by the trial court directing her to return the parties’ minor child to Florida pending disposition of the parties’ custody action. We affirm.[1]
Carmine Pate (father) filed a petition for temporary child custody, child support, and visitation unconnected with a dissolution of the marriage. See § 61.10, Fla. Stat. (1999). The petition alleged, among other things, that the mother had left the marital home in Florida and relocated to Ohio with the parties’ infant son. The father requested that the trial court issue an order directing the mother to return the child to Florida. The trial court conducted an evidentiary hearing and thereaf *469 ter directed the mother to return the child within thirty days. The mother timely appealed the order and also petitioned this court for a stay pending disposition of the appeal. We granted the stay.
The mother contends that the trial court abused its discretion in directing her to return the child to Florida. We disagree. Our review of the evidence presented below reveals no such abuse. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).
Accordingly, we affirm the order of the trial court and dissolve the stay entered by this court. We hold that the order directing the child to be returned to Florida shall take effect immediately, and that no motion for rehearing will be entertained in this matter. The clerk is directed to issue mandate forthwith.
AFFIRMED.
SHARP, W., PLEUS, and PALMER JJ., concur.

. This court possesses jurisdiction to review this ruling pursuant to rule 9.130(a)(3)(C)(iii) of the Florida Rules of Appellate Procedure.