948 So.2d 1021 (2007)
Bill John MATIAS, Appellant,
v.
Melissa Ann MATIAS, Appellee.
No. 2D05-4721.
District Court of Appeal of Florida, Second District.
February 23, 2007.
*1022 Elizabeth S. Wheeler of Berg & Wheeler, P.A., Brandon, for Appellant.
Mark G. Rodriguez of Mark G. Rodriguez, P.A., Tampa, for Appellee.
ALTENBERND, Judge.
Bill John Matias, the husband, appeals a final judgment of dissolution of marriage which awarded primary residency of one child to him and primary residency of a second child to the wife, Melissa Ann Matias; required the husband to pay $184.41 per month in child support to the wife; established a retroactive amount of child support and required the husband to pay $200 per month toward the resulting arrearage; and prohibited both parties from relocating the residence of the children beyond a certain geographical area. We find no abuse of discretion in the trial court's custody determinations and affirm this portion of the judgment. We reverse, however, the provisions for child support and remand for reconsideration. We also reverse the relocation provision and direct the trial court to strike it on remand.
The parties separated in the summer of 2002. At that time, the parties' son was eight years old and the parties' daughter was under two years old. By May 2003, when the wife filed the petition for dissolution of marriage, the husband had moved to Naples with the son and the wife remained in Tampa with the daughter. Initially, the wife's petition sought to maintain this arrangement. As the litigation progressed, however, each party sought primary residence of both children. At the time of trial in August 2005, this arrangement had continued for over three years. A child custody investigator recommended that the children's best interest would be served by awarding each parent the primary residence of the child already in their primary care, with a visitation schedule that allowed the children to be together each weekend. The trial court ultimately accepted this recommendation and incorporated it into the final judgment.
We recognize the principle that a court should not generally separate siblings as part of a dissolution of marriage absent compelling circumstances to support doing so. See Myrick v. Myrick, 523 So.2d 172 (Fla. 2d DCA 1988) (citing Arons v. Arons, 94 So.2d 849 (Fla.1957)). This principle arises out of a recognition that in many cases, splitting children among divorcing parents "will result in further destruction of what is left, after divorce, of th[e] family unit." Arons, 94 So.2d at 853. Here, however, the children, now thirteen and six years old, have been separated and living in the primary residence of their respective parents for more than four years. As the child custody investigator and the court recognized, awarding the primary residence of both children to one parent at this point in time *1023 would require a major disruption to the life of one child and would not be in that child's best interest. This case presents compelling circumstances supporting the continued separation of the children, and we certainly find no abuse of discretion in the trial judge's custody determination. In fact, the visitation schedule implemented by the final judgment will ensure that the siblings retain a close bond despite the split in primary residence because they will be together every weekend.
With respect to the child support, however, we are compelled to reverse. At trial, the parties and the court focused primarily on the custody determination. The detailed evidence necessary to make a proper child support calculation under section 61.30, Florida Statutes (2005), was, in part, overlooked. The trial court's attempt to calculate an accurate amount of child support based on the limited evidence available was unsuccessful, and the resulting calculation is not supported by competent, substantial evidence. Most notably, there is insufficient evidence to support the findings regarding the husband's net monthly income, the daycare expenses for the children, and the costs of health insurance and other medical expenses for the children. We therefore reverse the amount of child support and remand for the trial court to readdress the child support based upon the parties' current financial information.
Because the trial court will be recalculating support on remand, it will have to revisit whether to again award child support retroactive to the date the wife filed her petition for dissolution of marriage. We note, however, two concerns with the retroactive award included in the final judgment. First, the trial court did not consider the evidence that the financial circumstances of the parties and the needs of the children had fluctuated during the substantial amount of time that these proceedings were pending. In this case, the calculation supporting a future child support amount may not be appropriate for retroactive support. Second, it is not clear whether the trial court considered the somewhat unique circumstances of this case in establishing the amount of child support and the monthly payments required toward any retroactive award. The final judgment requires the husband, whose net income is approximately $2000 per month, to pay $184.41 in ongoing child support and $200 per month toward the retroactive arrearage. Because the husband is providing the primary residence for one child, any amounts paid affect that child as well as the child in the wife's care. Under these circumstances, the court should consider a less onerous payment toward any retroactive amount to ensure the financial security of both children.
Finally, the parties concede that the restrictions on relocation in the final judgment were not sought by either party or supported by the evidence. Indeed, these parties already reside at a distance in excess of these provisions. We therefore direct the trial court to strike this provision from the final judgment on remand. Both parties have acknowledged that the judgment will now be controlled by the provisions of section 61.13001, Florida Statutes (2006).
Affirmed in part, reversed in part, and remanded.
NORTHCUTT and CANADY, JJ., Concur.