SUAREZ, J.
 

 Berta Arrabal, the mother, appeals from the trial court’s order on her exceptions to the magistrate’s report and recommendation to modify primary custodial residence of the child. We affirm.
 

 In 2001, Berta Arrabal and John B. Hage, the father, entered into a written child support and custody agreement that gave primary residential custody of their only child to the mother, who lives in Miami. The child lived with the mother since 2001. The custody agreement provided for the parties to reevaluate primary residential custody arrangements when the child entered sixth grade. In 2007, the father, who lives in Maryland, petitioned the court to modify the settlement agreement to place primary residential custody with him, based on the best interests of the child. The father relied on the reevaluation provision in the custody agreement, as well as the provision that expressly waived the “substantial change in circumstance and detriment” test for modification of custody.
 

 After two hearings on the matter, the magistrate assigned a guardian ad litem to make a verbal recommendation to the court as to who should be designated primary residential parent. The guardian ad litem testified that it would be in the child’s best interest to live with the father in Maryland, based on the child’s own preference to bond with his father (the boy was eleven years old at the time of the custody modification hearings).
 

 The Magistrate found that the custody agreement specified that prior to the child entering sixth grade, the parties would reevaluate the primary residence arrangements, and that the father would not have to establish substantial, material, and permanent change in circumstance in order to seek modification of custody. After evaluating the testimony of the parties and the guardian ad litem, the magistrate granted the father’s motion to change primary residential custody from the mother to him. The mother filed exceptions to the magistrate’s report. The trial court, after a hearing on the mother’s motion, denied the mother’s exceptions, and ratified and adopted the magistrate’s report.
 

 The mother argues that the parties cannot waive the general standard of “substantial change in circumstances and detriment” for modification of child custody. The record shows that the parties mutual
 
 *1139
 
 ly agreed in the settlement agreement to re-visit the custody arrangements once the boy entered the sixth grade (as occurred), and that with this understanding, the parties agreed that they would only consider the best interests of the child in any modification of primary residence. Unlike the bar against contractual waiver of the right to child support, parties may contract to modify a custody arrangement without certain strictures.
 
 See Cassin v. Cassin,
 
 726 So.2d 399, 399 (Fla. 2d DCA 1999) (“[I]f [waiver of standard] referred to changes in primary custody, we would agree that the sole criteria for the trial court to determine would have been the best interest of the child. There is no prohibition against parties limiting the change of custody criteria to a ‘best interest standard’.”);
 
 cf. Ballantyne v. Ballantyne,
 
 666 So.2d 957 (Fla. 1st DCA 1996) (finding that the parties’ unambiguous settlement agreement incorporated into the final judgment expressly permitted appellant to request a modification to establish a child support amount under the guidelines and waived any requirement that she establish a change of circumstances). The record further shows that the parties continue to have shared parental responsibilities. The trial court correctly held that the parties freely contracted to a waiver of the “substantial change in circumstance” standard in any future modification of primary residential custody.
 

 The mother next asserts that because the guardian ad litem did not file a written report, the mother was prevented from a full opportunity to be heard, and that the court incorrectly based its recommendations on the guardian ad litem’s oral recommendations alone. The mother and her attorney were present, however, when the guardian ad litem testified via phone at the modification hearing, and they had ample opportunity to question and make arguments directed to the substance of the guardian ad litem’s testimony and conclusions. At no point was the mother prevented from a full and fair hearing.
 
 See Owens v. Owens,
 
 685 So.2d 1038, 1040 (Fla. 4th DCA 1997) (“We also find no error in proceeding to adjudicate the case without the guardian’s written report.... Construing [the statute] otherwise would hold trial judges hostage to the inactions of guardians and prevent them from making necessarily expedient decisions concerning children caught in the middle of domestic disputes.”).
 

 The mother next claims that the magistrate based her decision to allow residential modification based on the preference of the then eleven-year-old boy, whose capacity to make such a decision was not established. The record, however, shows that the child’s preference was only one of the many statutorily mandated issues to be considered. The magistrate’s report recites each of the statutory considerations in turn, leading to the conclusion that change of primary residence was in the best interests of the child.
 

 The mother, finally, claims that the father did not properly notice his intention to relocate to another jurisdiction with the child. This issue is without legal merit. The notice of relocation statute, section 61.13001(3)(a), Florida Statutes (2008), applies to the residential parent’s notice to the non-residential parent that she or he intends to relocate with the child. Here, on the other hand, both parents knew at the time of the custody and settlement agreement that the father, the non-residential parent, was living in Maryland. He is not relocating with the child, and the statutory notice provision relied on by the mother is inapplicable here.
 

 The record shows that the trial court did not abuse its discretion by adopting the
 
 *1140
 
 magistrate’s recommendations, and we affirm.
 

 Affirmed.