LaROSE, Judge.
A.F. (the Mother) appeals a final judgment establishing R.P.B.’s (the Father) paternity of the minor child, ordering shared parental responsibility, and awarding the Father majority time-sharing in Pennsylvania. We affirm, but write to explain our holding that the version of section 61.13001, Florida Statutes, effective until September 30, 2009, does not apply.
When the child was born in September 2008, the Mother and Father lived in Tampa. In May 2009, they relocated to Pennsylvania with the child. About six months later, the Mother moved back to Florida with the child. In February 2010, the parties entered into an agreement establishing the Father as the child’s father and setting a temporary time-sharing schedule, including an extended visit by the child with the Father in Pennsylvania. The trial court issued an order adopting the parties’ Agreement for Temporary Relief. Subsequently, the Mother petitioned for shared parental responsibility and majority time-sharing. The Father counterpeti-tioned for sole parental responsibility or shared parental responsibility with majority time-sharing in Pennsylvania.
The Mother argues that the trial court could not award shared parental responsibility to the Father in Pennsylvania without considering and making factual findings for the relocation factors set forth in section 61.13001(7)(a)-(k). She cites subsection 61.13001(11)(a)(2), which provides that the relocation statute applies where there is “an order, whether temporary or *72 permanent, regarding the parenting plan, custody, primary residence, time-sharing, or access to the child entered on or after October 1, 2009.” The February 2010 order, entered on the basis of the parties’ agreement, was a temporary order regarding time-sharing or visitation.
The Father responds that section 61.13001 did not apply because he was not relocating; he already resided in Pennsylvania. The trial court agreed and ruled that the statute did not apply because the statutory definition of relocation excluded the situation faced by the Mother and Father from the requirements of the relocation statute. Thus, the court relied on the considerations of section 61.13(3)(a)-(t) in making its time-sharing determination.
In 2009, section 61.13001 existed in two slightly different versions at the times relevant here. Until September 30, 2009, a month before the mother filed her petition, section 61.13001(1)(e) defined “relocation” as a change in the location of the child’s principal residence. In Matias v. Matias, 948 So.2d 1021 (Fla. 2d DCA 2007), the relocation statute applied where each parent already lived in a different city with one of two children, and both parents sought primary residential custody of both children. Id. at 1022. Neither parent was changing his or her place of residence; rather, each sought to change the primary residence of one of the children. Id. Similarly here, the father is not changing his own residence, but seeking to change the child’s principal residence. Thus, under that version of section 61.13001, the relocation statute would have applied to the facts in this case. See id. But see Arrabal v. Hage, 19 So.3d 1137 (Fla. 3d DCA 2009) (holding 2008 relocation statute did not apply because father requesting residential modification was not relocating his own residence, but asking to change child’s primary residence to father’s existing home in Maryland).
However, the legislature amended the definition of “relocation” to a change in the location of a parent’s principal residence, effective October 1, 2009. See ch. 2009-180, § 4, Laws of Fla.; § 61.13001(1)(e), Fla. Stat. (2009). It also changed “notice ... of a proposed relocation of the child’s residence” in the earlier 2009 version to “petition to relocate.” See ch. 2009-180, § 4, Laws of Fla.; § 61.13001(3). The newer version of the statute applies because the Mother filed her petition on November 10, 2009. The newer version still refers to “relocation of a/the child,” § 61.13001(2)(a); (3)(e), (3)(e)(l), (3)(e)(4); (4); (6)(a), (6)(a)(2), (6)(a)(3); (6)(b), (6)(b)(2); and (6)(d), but the amended definition of “relocation”— triggering application of the relocation statute where a parent proposes a change in the parent’s principal residence, rather than the child’s principal residence — removes this case from the statute’s purview. The trial court’s ruling is correct.
Affirmed.
VILLANTI and MORRIS, JJ„ Concur.