CONNER, J.
Amie Essex (“the mother”) seeks review of an order directing her to return the parties’ minor daughter to Palm Beach County pending a relocation hearing in conformity with section 61.13001, Florida Statutes (2010). The mother initiated appellate proceedings by filing a motion seeking a writ of prohibition. We treat the mother’s motion for writ of prohibition as an appeal of a non-final order.
As a threshold issue, Christopher Davis (“the father”) argues that this court lacks jurisdiction to review the Order on Father’s Motion for Return of Child to Jurisdiction because the order is not an appeal-able, non-final order. However, in Pate v. Pate, 777 So.2d 468 (Fla. 6th DCA 2001), the court treated a similar order as appeal-able pursuant to rule 9.130(a)(3)(C). Although the order at issue does not specify that custody must change to the father, the effect of the order is to change the daughter’s residence. Nevertheless, even if it were not technically within that rule’s ambit, we would treat this as a petition for writ of certiorari. We have jurisdiction.

Procedural History and Facts

The trial court proceedings were commenced by the father filing a petition to determine paternity and other relief (primarily custody) on October 12, 2010. On May 11, 2011, the parties entered into a “Partial Temporary Time Sharing Schedule” for the summer of 2011 at mediation. That agreement documented the agreed summer timesharing plan from May 21 through July 23, 2011. It provided the daughter would be picked up by the father in West Palm Beach, within an hour of her flight arrival there and returned to the mother in Louisiana “if mother has not relocated subject to further court order.” We also note that when the mother signed the agreement she wrote her Louisiana address below her signature.
The mediation agreement was approved by the court, and the parties were ordered to abide with its provisions on May 19, 2011. The father refused to return the daughter as agreed. Instead, he filed his Motion for Return of Minor Child to Jurisdiction on July 22, 2011, the day before the daughter was to be returned to the mother. The father’s refusal to return the daughter prompted the mother to file a Verified Emergency Motion for Child Pick-up Order on July 25, 2011. Her motion alleged that the father refused to return the daughter and the child was to begin a new school year in Louisiana. The motion suggested that the maternal grandmother was available to take custody of the daughter in Palm Beach County for the purpose of transporting the child to the mother’s home in Louisiana in accordance with the agreed order. The trial court granted the mother’s motion and entered a pick-up order the same day. The order notes that the mother has custody of the daughter and the court has jurisdiction *447 under the UCCJEA.[1] The order authorized law enforcement to pick up the daughter and “[p]lace the minor child in the physical custody of [L.B.], maternal grandmother, currently staying at [an address], West Palm Beach, FL....” The order did not prohibit the removal of the daughter from Palm Beach County or Florida.
Apparently, once the daughter was placed into the maternal grandmother’s physical custody, the mother had the daughter immediately returned to Louisiana. The father filed a motion for an expedited hearing on his motion seeking return of the daughter to Palm Beach County.[2] On August 10, 2011, the trial court granted the father’s motion, ordering the daughter to be returned to Palm Beach County pending a relocation hearing. The trial court found that the mother had not filed a Notice to Relocate at the time of the temporary agreement, and the pick-up order did not authorize relocation of the child to Louisiana. The trial court also found that the mother had removed the child from Palm Beach County without prior court authorization.
The mother contends the trial court erred because this case is not subject to the relocation statute since she moved to Louisiana prior to the father filing paternity proceedings. She further contends the trial court was required to conduct an evidentiary hearing to determine if the relocation statute applied.

Legal Analysis

The standard of review for orders entered regarding section 61.13001, the relocation statute pertaining to time sharing of children, is abuse of discretion. Pate v. Pate, 777 So.2d 468, 469 (Fla. 5th DCA 2001) (citing Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980)). The findings of the trial court in support of its rulings will be upheld on appeal if there is competent substantial evidence to support the findings. Open Permit Servs., of Fla., Inc. v. Curtiss, 15 So.3d 822, 825 (Fla. 3d DCA 2009).
Section 61.13001 was amended effective October 1, 2009. Of significance to this appeal was the change in definition of “relocation.” How “relocation” is defined affects the applicability of the statute. Prior to October 1, 2009, “relocation” was defined in terms of a change of the primary residence of the child. Beginning October 1, 2009, “relocation” is defined as:
a change in the location of the principal residence of a parent or other person from his or her principal place of residence at the time of the last order establishing or modifying time-sharing, or at the time of filing the pending action to establish or modify time-sharing. The change of location must be at least 50 miles from that residence, and for at least 60 consecutive days not including a temporary absence from the principal residence for purposes of vacation, education, or the provision of health care for the child.
§ 61.13001(1)(e), Fla. Stat. (emphasis added). The 2009 amendment to the statute also no longer provided for a “Notice of Intent to Relocate,” and instead, required a “petition to relocate.” § 61.13001(3), Fla. Stat. We also deem subsection 11(a) 2. of the statute to be significant for our analysis:
(11) Applicability.—
(a) This section applies:
[[Image here]]
*448 2.' To an order, whether temporary or permanent, regarding the parenting plan, custody, primary residence, time-sharing, or access to the child entered on or after October 1, 2009.
[[Image here]]
§ 61.13001(11)(a)(2), Fla. Stat. (emphasis added).
Based on the language in the mediation agreement, “if mother has not relocated subject to further court order,” the trial court apparently drew an inference that the daughter was living in Palm Beach County at the time the agreement was signed and the parties agreed that the child would be relocated from Palm Beach County “only pursuant to a court order.” This inference is not supported by the agreement itself, which states that “the father is to pick up the daughter (within an hour of their flight arrival per itinerary).” Moreover, the father was to return the daughter to the mother in Louisiana. It can also be inferred from the language of the mediation agreement that the parties intended the child could not be relocated from the address where she was living in Louisiana without court approval. The order under review states, “[t]he Mother has since removed the minor child from Palm Beach County, Florida without prior court authority.” (emphasis added). It is clear the trial judge premised her ruling upon her conclusion that the mother had violated section 61.13001, Florida Statutes, by relocating the child to Louisiana. The question we must address on appeal is whether the evidence before the trial court supported the inference that the mother relocated her residence (and the child’s) to Louisiana after signing the partial temporary timesharing agreement.
In A.F. v. R.P.B., 100 So.3d 71 (Fla. 2d DCA 2011), the mother and father moved with their child from Florida to Pennsylvania. Six months later, the mother moved back to Florida with the child. Both parties petitioned the trial court for majority time-sharing. Id. at 71. The trial court awarded the father majority time-sharing in Pennsylvania after relying on the factors set forth in section 61.13(3), Florida Statutes. Id. The mother argued that the trial court should have relied on the relocation factors set forth in section 61.13001(7); the father asserted that section 61.13001 did not apply, as he already lived in Pennsylvania. The Second District noted that prior to October 1, 2009, relocation under section 61.13001 was defined as a change in the child’s principal residence; after October 1, 2009, relocation was defined as a change in the parent’s principal residence. Id. at 72. As the mother’s petition for majority time-sharing was filed after October 1, 2009, the relocation statute did not apply, because the father was not seeking a change of his primary residence. Id. at 72.
It appears from the wording of the order under review that the trial court determined that section 61.13001 had been violated by the mother relocating the child’s residence to Louisiana. By references to “Notice to Relocate,” it also appears the trial court was contemplating the earlier version of the statute. After October 1, 2009, the critical inquiry, as to the applicability of the relocation statute, is whether the mother relocated her principal residence. Based on section 61.13001(l)(e) and A.F., the mother is correct in arguing that if she had already moved to Louisiana prior to the father’s filing of the petition to determine paternity or any order establishing or modifying time-sharing, then she is not subject to the relocation statute.
The order under review states, “Based on a review of the court file, the Court finds ....” (emphasis added). It does not appear the court conducted an evidentiary hearing before making its ruling. A review of the documents mentioned *449 in the order, which appear to be the sources of information from which the trial court made its findings, leads us to conclude that there was no competent substantial evidence before the trial court to find that the mother was living in Florida at the time the order approving a time sharing arrangement (the mediated agreement) was entered by the court.[3] The mother clearly stated her address was in Louisiana when she signed the mediated agreement. Moreover, the finding in the order under review that “[t]he Mother has since removed the minor child from Palm Beach County” (emphasis added), appears to use the mediated summer time-sharing agreement as the temporal point of reference. We conclude the trial court erred in its determination. Without additional information gained from an evidentiary hearing, the trial court could not properly determine that the mother had violated the relocation statute.
For the reasons stated, we reverse the order directing the return of the child and remand the case for the trial court to conduct an evidentiary hearing as to whether the relocation statute applies and whether the parties agreed on a temporary relocation of the child to Louisiana.[4] See § 61.13001(2), Fla. Stat.

Reversed and remanded.

WARNER and DAMOORGIAN, JJ., concur.

. “UCCJEA” is the acronym for the Uniform Child Custody Jurisdiction Enforcement Act, codified at section 61.501 et. seq., Florida Statutes.

. The parties have not made a copy of the motion a part of the appellate record.

. A copy of the father's initial petition was not made a part of the appellate record, so we are unable to review whether it was verified and whether it made statements as to the mother’s residence. The order entered on May 19, 2011, approving the time sharing arrangement for the summer of 2011 is the "the last order establishing or modifying time-sharing” in this proceeding.

. We recognize that sections 44.401-44.406, Florida Statutes, provide that mediation communications are privileged and confidential. We are not suggesting that mediation communications are to be used in determining the intent of the parties if the mediation agreement is vague or ambiguous.