IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

BENJAMIN D. ROLISON,

     Appellant,

v.

RACHEL L. ROLISON,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-1135

Opinion filed August 1, 2014.

An appeal from the Circuit Court for Okaloosa County.
Terrance R. Ketchel, Judge.

Brian P. North of Kenny Leigh & Associates, Mary Esther, for Appellant.

No appearance for Appellee.

THOMAS, J.

     Appellant (the Father) appeals a non-final order denying his emergency verified motion to compel Appellee (the Mother) to return the parties' minor children to Florida. We affirm the trial court's order, which correctly found that section 61.13001, Florida Statutes (2013), Florida's relocation statute, did not apply, as the Mother moved to Georgia before the Father filed for dissolution.

The Father filed a petition for dissolution of marriage and other relief on February 21, 2014. On the same date, the Father filed the emergency motion to compel the Mother to return their minor children to Florida. The motion alleged that the Mother had removed the two minor children from Florida and moved to Fort Valley, Georgia, in January 2014, without the Father's consent or leave of the court, in violation of section 61.13001. The motion also asserted that the Father was concerned about the minor children's safety in the Mother's care in Georgia, and requested that the trial court order the children's return to this jurisdiction and enter a temporary parenting plan awarding the Father majority timesharing.

The trial court denied the Father's emergency motion, finding that section 61.13001 was inapplicable, because it only applied to a child's relocation or proposed relocation during a pending proceeding. The court noted that the emergency motion alleged that the Mother removed the parties' minor children from the jurisdiction in January 2014, before the dissolution proceeding was filed in February 2014.

On appeal, the Father asserts that the trial court erred when it established a bright line rule that the relocation statute was inapplicable in a dissolution proceeding when a spouse unilaterally relocates before filing a dissolution petition. "'Statutory interpretation is a question of law subject to de novo review.'" Hahn v. Hahn, 42 So. 3d 945, 947 (Fla. 4th DCA 2010) (quoting Murray v. Mariner Health,

2

994 So. 2d 1051, 1056 (Fla. 2008)). "When construing a statute, an appellate court must strive to effectuate the Legislature's intent." Id. (citing Borden v. East–European Ins. Co., 921 So. 2d 587, 595 (Fla. 2006)). "'When the statute is clear and unambiguous, courts will not look behind the statute's plain language for legislative intent or resort to rules of statutory construction to ascertain intent.'" Borden, 921 So. 2d at 595 (quoting Daniels v. Fla. Dep't of Health, 898 So. 2d 61, 64 (Fla. 2005)).

The relevant language in section 61.13001 is located within the definition of the word "relocation," and states in pertinent part:

> **(1) Definitions.--** As used in this section, the term:
>
> . . . .
>
> (e) "Relocation" means a change in the location of the principal residence of a parent or other person from his or her principal place of residence at the time of the last order establishing or modifying time-sharing, or **at the time of filing the pending action** to establish or modify time-sharing. The change of location must be at least 50 miles from that residence, and for at least 60 consecutive days not including a temporary absence from the principal residence for purposes of vacation, education, or the provision of health care for the child.

§ 61.13001(1)(e), Fla. Stat. (2013) (emphasis added).

Appellant asserts that the trial court's ruling has the effect of narrowly interpreting the phrase "at the time of filing" to mean after the date of filing, arguing that no such bright line rule exists. Appellant maintains that if the legislature had intended a bright line rule that the relocation statute only applied to

3

spousal relocations that occurred after the date of filing a petition, it could have done so. Appellant further asserts that the trial court's interpretation of the relocation statute is contrary to the public policy behind the statute, because a parent should not be permitted to unilaterally relocate with the couple's minor children.

Although the result here may be troubling, the plain language of the relocation statute applies only where a parent's principal place of residence changes "at the time of the last order establishing or modifying time-sharing" (which is not applicable here), or "at the time of filing the pending action." § 61.13001(1)(e), Fla. Stat. The Mother's location was already in Georgia when the Father filed the pending action; as such, in accordance with section 61.13001, she did not have to seek permission from the Father or the court to move there.

We note that this court's plain reading of section 61.13001 is in accordance with the interpretation of at least two other districts. See Essex v. Davis, 116 So. 3d 445 (Fla. 4th DCA 2012); A.F. v. R.P.B., 100 So. 3d 71 (Fla. 2d DCA 2011). In Essex, the Fourth District addressed the relocation statute in the context of a paternity proceeding. 116 So. 3d at 446. Based upon the definition of relocation under section 61.13001(1)(e), and citing the Second District's opinion in A.F. for support, the Fourth District, in dicta, stated that "the mother is correct in arguing that *if* she had already moved to Louisiana prior to the father's filing of the

4

petition to determine paternity or any order establishing or modifying time-sharing, then she is not subject to the relocation statute." Id. at 448 (emphasis supplied); see also, A.F., 100 So. 3d at 72 (holding that section 61.13001 did not apply to court's decision awarding the father majority timesharing, as the father was not relocating and already resided in Pennsylvania when the mother's petition for majority timesharing and the father's counterpetition were filed).

We note that section 61.13, Florida Statutes, provides in relevant part:

> (2)(a) The court may approve, grant, or modify a parenting plan, notwithstanding that the child is not physically present in this state at the time of filing any proceeding under this chapter, if it appears to the court that the child was removed from this state for the primary purpose of removing the child from the court's jurisdiction in an attempt to avoid the court's approval, creation, or modification of a parenting plan.

(Emphasis added.) Of course, we offer no view on the applicability of this section here, but acknowledge that the legislature has addressed the issue in a different context. Further, in dissolution proceedings, the court may approve a parenting plan that would determine, *inter alia*, time-sharing in accordance with the child's best interests. See § 61.13(2), Fla. Stat.

Here, the trial court correctly determined that section 61.13001 is inapplicable under the facts of this case. Thus, we affirm.

AFFIRMED.

RAY and OSTERHAUS, JJ., CONCUR.

5