DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RALPH J. HERNANDEZ,**
Appellant,

v.

**LISA ANN HERNANDEZ** a/k/a **LISA ANN HERNANDEZ-MCPAIL,**
Appellee.

No. 4D20-2145

[March 9, 2022]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Maxine Cheesman, Judge; L.T. Case No. 502014DR003278XXXXMB.

Peter M. Feaman and Nancy E. Guffey of Peter M. Feaman, P.A., Boynton Beach, for appellant.

No appearance for appellee.

ARTAU, J.

Ralph J. Hernandez (the father) appeals from the trial court's denial of the post-dissolution of marriage petition he filed against Lisa Ann Hernandez (the mother), in which he sought to relocate the primary residence of the minor children, or in the alternative, to modify the parties' existing time-sharing arrangement. We affirm the denial of the father's relocation request and the trial court's unchallenged finding that there has been a substantial change in circumstances sufficient to justify modification of the time-sharing arrangement. However, we reverse the modified time-sharing schedule adopted by the trial court because it reduced the father's summer time-sharing with the children despite neither party having requested such relief. We remand for the trial court to conduct further proceedings to determine how the parties' time-sharing arrangement should be modified consistent with both the father's requested modification and the children's best interest.

Five years after entry of the dissolution judgment, the father filed his two-count petition seeking: (1) relocation of the parties' minor children, pursuant to the relocation statute codified in section 61.13001, Florida

Statutes (2019), from the mother's residence in Lake County to the father's residence in Palm Beach County (Count 1); or alternatively (2) modification of the existing time-sharing arrangement pursuant to the general modification of parenting and time-sharing statute codified in section 61.13(3), Florida Statutes (2019), to increase the father's time with the children (Count 2).

The parties were divorced in 2014. During the pendency of the divorce, the mother moved with the children to Lake County, Florida. In the divorce judgment, the trial court found that it was in the children's best interest at that time to remain primarily residing with the mother at her residence in Lake County, Florida. Neither parent has relocated since the divorce. Thus, any modification to the primary residence of the children would require "a showing of a substantial, material, and unanticipated change in circumstances and a determination that the modification is in the best interests of the child[ren]" pursuant to the factors set forth in the general modification of parenting and time-sharing statute codified in section 61.13(3)(a)–(t), Florida Statutes (2019), rather than the factors set forth in the relocation statute codified in section 61.13001(7), Florida Statutes (2019), which only apply when there is "a change in the location of the principal residence of a *parent*." *See* § 61.13001(1)(e), Fla. Stat. (2019) (emphasis added).

Accordingly, we affirm the trial court's denial of the father's petition as to the relocation relief requested. The relocation statute, pursuant to which the father sought to change the children's primary residence without a change in the residence of either parent, does not authorize such relief. *See id.* (defining "[r]elocation"); *Clark v. Meizlik*, 289 So. 3d 983, 985 (Fla. 4th DCA 2020) (recognizing that section 61.13001(1)(e) authorizes "a petition to relocate" only if "a parent or individual with whom a child resides" seeks to "move fifty miles or more away from their current residence"); *Essex v. Davis*, 116 So. 3d 445, 447-48 (Fla. 4th DCA 2012) (section 61.13001 does not apply to relocation of child's residence without an accompanying request to change the primary residence of the parent or custodian with whom child lives); *Rolison v. Rolison*, 144 So. 3d 610, 612 (Fla. 1st DCA 2014) ("[T]he plain language of the relocation statute applies only where a parent's principal place of residence changes[.]"); *A.F. v. R.P.B.*, 100 So. 3d 71, 72 (Fla. 2d DCA 2011) (relocation statute had no applicability where father was "not changing his own residence," but rather was "seeking to change the child's principal residence").

The father's alternative count to modify the existing time-sharing arrangement was heard by a general magistrate who found that the evidence supported a substantial, material, and unanticipated change in

circumstances justifying modification of the time-sharing arrangement. *See, e.g., Villalba v. Villalba*, 316 So. 3d 366, 368 (Fla. 4th DCA 2021) ("'[A] time-sharing schedule may not be modified without a showing of a substantial, material, and unanticipated change in circumstances and a determination that the modification is in the best interests of the child.'" (quoting § 61.13(3), Fla. Stat.)). While the general magistrate recommended that the father be awarded an additional weekend every other month, the magistrate also recommended adoption of a model parental time-sharing schedule which resulted in a substantial reduction of the father's summer time-sharing with the children despite neither party having requested such relief. The trial court incorporated the general magistrate's findings and recommendations into its final judgment on the father's petition, including the modified time-sharing arrangement which the father challenged in this appeal.

We reverse the trial court's adoption of the modified time-sharing arrangement because it reduced the father's summer time-sharing with the children despite neither party having requested such relief. *See Romero v. Brabham*, 300 So. 3d 665, 668 (Fla. 4th DCA 2020) ("Granting unrequested relief absent proper notice is a violation of due process." (quoting *Stover v. Stover*, 287 So. 3d 1277, 1279 (Fla. 2d DCA 2020))); *Schot v. Schot*, 273 So. 3d 48, 50-51 (Fla. 4th DCA 2019) (reversing modifications, deletions and additions to parties' time-sharing arrangement "that were neither pled nor proven"); *Davis v. Lopez-Davis*, 162 So. 3d 19, 21 (Fla. 4th DCA 2014) (reversing trial court's adoption of magistrate's report recommending denial of any time-sharing to father where mother never requested such relief in her pleadings).

On remand, the trial court shall conduct further proceedings to determine how the parties' time-sharing arrangement should be modified consistent with both the father's requested modification and the children's best interest.

*Affirmed in part, reversed in part, and remanded with instructions.*

MAY and KLINGENSMITH, JJ., concur.

\*        \*        \*

**Not final until disposition of timely filed motion for rehearing.**

3