# Third District Court of Appeal

## State of Florida

Opinion filed December 3, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-2263
Lower Tribunal No. 25-13224-FC-04
_____

**William C. Dunn,**
Appellant,

vs.

**Veronica A. Flores,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, George A. Sarduy, Judge.

Bushell Law, P.A., and Daniel A. Bushell (Fort Lauderdale), for appellant.

Ronald H. Kauffman, P.A., and Ronald H. Kauffman, for appellee.

Before FERNANDEZ, MILLER, and GOODEN, JJ.

MILLER, J.

Appellant, William C. Dunn, the husband, seeks review of an order denying a stay of an emergency return order rendered in dissolution proceedings initiated by appellee, Veronica A. Flores, the wife. See Fla. R. App. P. 9.310(f). The trial court ratified a recommendation to order the husband to expeditiously return the parties' minor children to Florida from Tennessee on the grounds that the husband unilaterally relocated with the children without the wife's consent. Because Florida's child relocation statute is inapplicable to a relocation occurring prior to the filing of a dissolution action and the court has not yet rendered a "best interests" determination, we stay the order on appeal. But noting the urgent nature of this matter, we further relinquish jurisdiction for a period of thirty days for the trial court to expeditiously convene a hearing and issue an order as to the children's best interests.

**BACKGROUND**

The parties wed and their union produced three children. After experiencing financial challenges, the husband unilaterally relocated with the children to Tennessee, where his parents co-own a property. He enrolled the children in school and purportedly embarked on a new employment venture.

2

The wife filed for dissolution in Miami-Dade County, asserting the marriage was irretrievably broken. She simultaneously sought the emergency return of the children by way of an emergency pick-up order. The trial court ratified a general magistrate's recommendation to grant an emergency return, and this motion followed.

**ANALYSIS**

"This court has authority to issue a stay . . . for the purpose of preserving the status quo during an appellate proceeding." Perez v. Perez, 769 So. 2d 389, 391 n.4 (Fla. 3d DCA 1999). Among the factors relevant in considering whether to issue a stay are "the moving party's likelihood of success on the merits, and the likelihood of harm should a stay not be granted." Id.

We must review the stay motion through the deferential standard afforded the underlying order directing the return of the children. See Hoff v. Hoff, 100 So. 3d 1164, 1168 (Fla. 4th DCA 2012) (noting that appellate courts defer to trial court's exercise of discretion in temporary timesharing decisions). But such discretion is not unfettered. As in any timesharing or custody determination, "best interests" is the polestar. See Hassenplug v. Hassenplug, 346 So. 3d 149, 152–53 (Fla. 2d DCA 2022).

3

Florida's child relocation statute is codified in section 61.13001 of the Florida Statutes. The text provides, in pertinent part:

> "Relocation" means a change in the location of the principal residence of a parent or other person from his or her principal place of residence at the time of the last order establishing or modifying time-sharing, or at the time of filing the pending action to establish or modify time-sharing. The change of location must be at least 50 miles from that residence, and for at least 60 consecutive days not including a temporary absence from the principal residence for purposes of vacation, education, or the provision of health care for the child.

§ 61.13001(1)(e), Fla. Stat. (2025).

Our sister courts have determined that the statute unambiguously self-limits to post-dissolution relocation. As the First District Court of Appeal observed in Rolison v. Rolison, 144 So. 3d 610 (Fla. 1st DCA 2014), "the plain language of the relocation statute applies only where a parent's principal place of residence changes 'at the time of the last order establishing or modifying time-sharing' . . . or 'at the time of filing the pending action.'" Id. at 612 (quoting § 61.13001(1)(e), Fla. Stat. (2013)); see also Essex v. Davis, 116 So. 3d 445, 448–49 (Fla. 4th DCA 2012) (finding that when the mother moved before the paternity petition was filed or before the entry of "any order establishing or modifying time-sharing, then she is not subject to the relocation statute"); Lojares v. Silva, 353 So. 3d 699, 701 (Fla. 1st DCA 2023) (holding that "Florida's relocation statute, section 61.13001, Florida

4

Statutes, does not apply to a change of a parent's principal place of residence before any paternity order has been issued," and "[a] parent may move with the children without seeking permission from the court or the other parent").

This limitation does not render the trial court impotent to order a parent to return children to the jurisdiction. The court has the authority to "approve a parenting plan that would determine, *inter alia*, time-sharing in accordance with the child's best interests." Rolison, 144 So. 3d at 612. To this end, section 61.13(2)(a) provides:

> The court may approve, grant, or modify a parenting plan, notwithstanding that the child is not physically present in this state at the time of filing any proceeding under this chapter, if it appears to the court that the child was removed from this state for the primary purpose of removing the child from the court's jurisdiction in an attempt to avoid the court's approval, creation, or modification of a parenting plan.

§ 61.13(2)(a), Fla. Stat. (2025).

Turning to the case at hand, we appreciate the time constraints confronted by both the magistrate and the trial court, particularly in light of congested dockets occasioned by the approaching holidays. But as the order here entails a pre-dissolution move, the relocation statute is inapplicable and therefore a best interests inquiry is essential. Accordingly,

5

we stay the order and relinquish jurisdiction for a period of thirty days for the trial court to convene a hearing and conduct the requisite analysis.

Stay granted. Jurisdiction relinquished.