DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MICHAEL RAMOS,**
Appellant,

v.

**AMY MICHELLE HUNTER,**
Appellee.

No. 4D2025-0369

[March 11, 2026]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Cheryl A. Carazo, Judge; L.T. Case No. 502023DR010438XXXANB.

Caryn A. Stevens, Diana M. Minnocci, and Eddie Stephens of Stephens & Stevens, PLLC, West Palm Beach, for appellant.

David Lloyd Merrill of The Associates, Palm Beach Gardens, for appellee.

PER CURIAM.

Michael Ramos appeals an amended judgment of paternity and parenting plan. The amended judgment established a long-distance parenting plan that awarded Amy Michelle Hunter majority timesharing with the parties' two minor children. Ramos raises two issues on appeal. We reverse and remand for further proceedings.

First, Ramos argues the circuit court incorrectly concluded the Florida Parental Relocation Act, Section 61.13001, Florida Statutes (2025), did not apply. On that issue, we affirm. The circuit court correctly applied controlling precedent and concluded that section 61.13001 does not apply to this case because Hunter moved the child before Ramos filed the paternity action. *See Essex v. Davis*, 116 So. 3d 445 (Fla. 4th DCA 2012) (explaining that under Section 61.13001, Florida Statutes, the 2009 amendment changed the definition of "relocation" from a change in the child's residence to the parent's principal residence, and holding the statute inapplicable where the parent moved prior to the filing of the action). As a result, the circuit court correctly treated Ramos' request as

part of an initial timesharing determination under Section 61.13(3), Florida Statutes (2025).

While we agree with the circuit court's statutory conclusion, we still must reverse. For his second issue, Ramos argues the circuit court erred when it granted Hunter majority timesharing, relief that Hunter neither requested nor noticed for hearing. It was not until opening statement at the hearing that Hunter's counsel stated Hunter was seeking majority timesharing. At that time, Ramos' counsel objected and noted that Hunter had not requested majority timesharing prior to the hearing. In fact, Hunter had requested equal timesharing prior to the hearing. We acknowledge the circuit court was attempting to fulfill its statutory obligation to act in the best interest of the child. However, Ramos was entitled to notice that Hunter intended to seek majority timesharing at the scheduled hearing. Without notice that the issue was going to be addressed at the hearing, Ramos was not prepared to present evidence in support of majority timesharing.

As a result, we reverse. We express no opinion on the merits of any timesharing award that is rendered after both parties are afforded notice and an opportunity to be heard.

*Affirmed in part, reversed in part, and remanded.*

KUNTZ, C.J., CIKLIN and SHAW, JJ., concur.

\*　　\*　　\*

**Not final until disposition of timely-filed motion for rehearing.**